

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARK RANDALL LARSON,

    Petitioner,

vs.

GREG SMITH, *et al.*,

    Respondents.

3:11-cv-00050-ECR-WGC

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 8).

**I. Procedural History**

    On May 4, 2006, by way of information, petitioner was charged with felony driving under the influence in violation of NRS 484.379 and 484.3792.[1] (Exhibit 3).[2] Based on a 2005 amendment to NRS 484.3792, petitioner was charged with a felony because he had a prior felony conviction for driving under the influence from August 15, 1997, for an offense that occurred on May 17, 1997.

---

[1] The pertinent portion of former NRS 484.3792 is now codified at NRS 484C.410(1)(a).

[2] The exhibits referenced in this order are found in the Court's record at ECF Nos. 9-12.

1  (Exhibit 5, at pp. 3-4). On May 16, 2006, at arraignment, petitioner entered a plea of guilty to one
2  count of the felony offense of driving under the influence, in exchange for the State's agreement to
3  recommend a sentence of no more than 24 to 60 months in the custody of the Nevada Department of
4  Corrections. (Exhibit 4).

5      At the sentencing hearing on June 29, 2006, petitioner appeared with his attorney. (Exhibit
6  9). At sentencing, the district court imposed a sentence of 72 to 180 months in the custody of the
7  Nevada Department of Corrections, as well as monetary fines. (Exhibit 9). The judgment of
8  conviction was entered on June 29, 2006. (Exhibit 10).

9      Petitioner filed a timely notice of appeal on July 25, 2006. (Exhibit 11). Petitioner filed a
10 fast track statement on September 14, 2006. (Exhibit 19). The basis of the appeal was that petitioner
11 had been denied his right to allocution at the sentencing hearing, in violation of NRS 176.015(2)(b).
12 (*Id.*). NRS 176.015(2)(b) provides that "[b]efore imposing sentence, the court shall . . . [a]ddress the
13 defendant personally and ask him if he wishes to make a statement in his own behalf and to present
14 any information in mitigation of punishment." Petitioner claimed that the state district court never
15 afforded him an opportunity to make a statement. (Exhibit 19). On November 9, 2006, the Nevada
16 Supreme Court entered an order of affirmance. (Exhibit 21). The Nevada Supreme Court concluded
17 that "although the district court did not comply with NRS 176.15(2)(b), Larson cannot demonstrate
18 that the district court's failure amounted to reversible plain error. (Exhibit 21, at p. 2) (footnote
19 omitted). Petitioner filed a motion for rehearing on November 21, 2006. (Exhibit 22). On
20 December 21, 2006, the Nevada Supreme Court denied a rehearing. (Exhibit 24). Remittitur issued
21 on January 16, 2007. (Exhibit 29). On December 28, 2006, petitioner filed a petition for en banc
22 reconsideration (Exhibit 25), which the Nevada Supreme Court denied by order filed March 1, 2007
23 (Exhibit 34).

On January 11, 2007, petitioner filed a second notice of appeal, acting in pro per. (Exhibit 27). On February 15, 2007, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction. (Exhibit 33). Remittitur issued on March 13, 2007. (Exhibit 35).

On April 6, 2007, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 37). By order filed July 9, 2007, the state district court appointed counsel to represent petitioner on his post-conviction habeas petition. (Exhibit 43). On August 30, 2007, counsel filed a supplemental habeas petition. (Exhibit 44). The state district court held an evidentiary hearing on January 6, 2010. (Exhibit 55). The state district judge issued a ruling from the bench, denying the petition in its entirety. (Exhibit 55, at pp. 56-57). On March 9, 2010, the state district court entered written findings of fact, conclusions of law, and judgment. (Exhibit 56). Petitioner filed a timely notice of appeal on April 20, 2010. (Exhibit 59). Petitioner, represented by counsel on appeal, filed a fast track statement on May 25, 2010. (Exhibit 69). On September 29, 2010, the Nevada Supreme Court affirmed the denial of the post-conviction habeas corpus petition. (Exhibit 73). Remittitur issued on October 27, 2010. (Exhibit 74).

Petitioner signed and submitted his federal habeas petition to this Court on January 24, 2011. (ECF No. 1). The petition contains three grounds for relief. Respondents have filed a motion to dismiss the petition, asserting that the petition contains grounds which are unexhausted, conclusory, and that fail to state a cognizable habeas claim for relief. (ECF No. 8).

## II. Discussion

### A. Ground 1

Petitioner alleges that counsel was ineffective for: (a) failing to challenge the use of the 1997 conviction, which petitioner alleges constituted a breach of the 1997 plea agreement, in violation of petitioner's right to due process; (b) failing to challenge the application of the 2005 amendment to NRS 484.3792 as a violation of the *ex post facto* clause; (c) failure to prepare and investigate; and (d) failure to file a motion to suppress. (ECF No. 1, at pp. 3-6).

### 1. Ground 1(a)

Respondents contend that Ground 1(a), in part, is not a cognizable federal habeas claim. The Court agrees with respondents, that Ground 1(a) of the federal petition can be read as three different sub-claims for relief: (1) a claim for ineffective assistance of counsel in the 2006 case for counsel's failure to object to the use of the 1997 felony DUI conviction as an enhancement based on a breach of the 1997 plea agreement; (2) a substantive challenge to the use of the 1997 conviction as an enhancement because petitioner did not receive effective assistance of counsel in entering his plea to a felony DUI in 1997; and (3) a substantive challenge to the use of the 1997 conviction as an enhancement based on a breach of the 1997 plea agreement. Respondents argue that the second and third sub-parts of Ground 1(a) do not raise cognizable claims for federal habeas relief. This Court disagrees and finds that the claims are cognizable. *See Maleng v. Cook*, 490 U.S. 488 (1989); *see also Lackwanna County District Atty. v. Cross*, 532 U.S. 394 (2001). The Court will allow all sub-parts of Ground 1(a) of the federal habeas petition to proceed at this juncture. To the extent that respondents seek to argue the merits of the claims, such discussion shall be included in the answer. Respondents' motion to dismiss Ground 1(a) of the petition is denied.

### 2. Ground 1(b)

Respondents argue that Ground 1(b) is not a cognizable federal habeas claim because it relies on state law. In Ground 1(b), petitioner asserts that the use of the 1997 felony DUI conviction to enhance the underlying DUI to a felony offense violated the *ex post facto* clause of the United States Constitution and the Nevada Constitution. Respondents assert that Ground 1(b) is based only on the Nevada Constitution, a proposition that is simply not so. Petitioner clearly cites to the United States Constitution when making his *ex post facto* claim in his federal petition. Respondents' motion to dismiss Ground 1(b) of the petition is denied.

/ / / / / / / / / /
/ / / / / / / / / /

4

### 3. Ground 1(c)

Respondents argue that Ground 1(c), in which petitioner alleges that counsel was ineffective for failing to prepare and investigate his case, is unexhausted. (ECF No. 1, at p. 3). A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); see also *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. See *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); see *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met

5

when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

Respondents argue that Ground 1(c) is unexhausted because petitioner never presented this claim to the Nevada Supreme Court. In Ground 1(c) of the federal petition, petitioner alleges that counsel was ineffective for failing to prepare and investigate his case. (ECF No. 1, at p. 3). This claim was included in petitioner's supplemental state habeas petition. (Exhibit 44, at p. 4). However, the claim that counsel failed to prepare and investigate was not contained in petitioner's fast track statement on appeal from the denial of the state habeas petition. (Exhibit 69). As such, the claim was not presented to the Nevada Supreme Court for consideration. This Court finds that Ground 1(c), in which petitioner alleges that counsel failed to prepare and investigate, is unexhausted.

### 4. Ground 1(d)

Respondents argue that Ground 1(d) is unexhausted and conclusory. Ground 1(d) of the federal habeas petition asserts ineffective assistance of counsel based on counsel's failure to file a motion to suppress. (ECF No. 1, at p. 4). Specifically, petitioner alleges that:

> Failure to file a motion to suppress may be grounds properly construed ineffective assistance of counsel. Martin v. Maxey, 98 F.3d 844 (5th Cir. 1996). Failure to raise a suppression issue may be grounds for remand by the court. Huynh v. King, 95 F.3d 1052 (11th Cir. 1996).

(ECF No. 1, at p. 4). This statement is found, verbatim, in petitioner's supplemental state habeas petition, under the heading: "Failure to file a motion to dismiss/motion to suppress/violation of 5th Amendment Due Process Rights and Ex Post Facto Clause/Violation of Plea Bargain from 1997/1994." (Exhibit 44, at p. 5). Petitioner's statement, quoted above, regarding counsel's failure to file a motion to suppress is followed by, and indeed, is part of petitioner's claim of ineffective

1  assistance of counsel in the 2006 case for counsel's failure to object to the use of the 1997 felony
2  DUI conviction as an enhancement based on a breach of the 1997 plea agreement. As such, Ground
3  1(d) is actually part of Ground 1(a) of the federal petition. Respondents' motion to dismiss this
4  claim is denied.

### B. Ground 2

First, petitioner alleges that counsel was ineffective for failing to ensure that petitioner had an opportunity to address the court regarding mitigation at the sentencing hearing. (ECF No. 1, at pp. 8-9). Second, petitioner alleges that counsel failed to correct errors in the presentence report. (ECF No. 1, at p. 8).

Respondents argue that Ground 2(b) is unexhausted because petitioner never presented this claim to the Nevada Supreme Court. In Ground 2(b) of the federal petition, petitioner alleges that counsel failed to correct errors in the presentence report. (ECF No. 1, at p. 8). This claim was included in petitioner's supplemental state habeas petition. (Exhibit 44, at p. 5). However, the claim that counsel failed to correct errors in the presentence report was not contained in petitioner's fast track statement on appeal from the denial of the state habeas petition. (Exhibit 69). As such, the claim was not presented to the Nevada Supreme Court for consideration. This Court finds that Ground 2(b), in which petitioner alleges that counsel failed to correct errors in the presentence report, is unexhausted. However, Ground 2(a), which alleges that counsel was ineffective for failing to ensure that petitioner had an opportunity to address the court regarding mitigation at the sentencing hearing, is exhausted.

### C. Claim Regarding Failure to File Timely Direct Appeal (Grounds 1 and 3)

Respondents argue that part of Ground 1 is duplicative of Ground 3. In Ground 1 of the federal petition, petitioner alleges that: "Petitioner wanted to appeal. Counsel did not do so. Counsel had an obligation to appeal as counsel could clearly see the legal issues that were involved in this litigation." (ECF No. 1, at p. 4). Respondents argue that this allegation is duplicative of

Ground 3 of the federal petition, in which petitioner asserts a claim for ineffective assistance of counsel based on defense counsel's failure to file a timely notice of appeal, and that the *Lozada* remedy is inadequate. (ECF No. 1, at pp. 11-13). The Court agrees that the claim asserted in Grounds 1 and 3, regarding an untimely filing of notice of appeal on direct appeal, is duplicative. The Court further notes that this claim was withdrawn from the state habeas petition at the evidentiary hearing conducted on January 6, 2010. (Exhibit 55, at p. 3). Post-conviction counsel for petitioner explained that she was mistaken when she asserted in the supplemental state habeas petition that the direct appeal was not timely filed by defense counsel. (Exhibit 55, at 3:8-19). Counsel verbally corrected her supplemental habeas petition, and the court granted counsel's motion to withdraw the claim. (Exhibit 55, at 3:8-23). As such, the claim is unexhausted, as it was withdrawn in the state district court and was not presented to the Nevada Supreme Court in the fast track statement on appeal from the denial of the petition. (Exhibits 55, at 3:8-23; Exhibit 69). This Court finds that the claim asserted in a portion of Ground 1 and in Ground 3 regarding an untimely filing of notice of appeal on direct appeal, is unexhausted.

### III. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that the following claims are unexhausted: (1) Ground 1(c), in which petitioner alleges that counsel failed to prepare and investigate; (2) Ground 2(b), in which petitioner alleges that counsel failed to correct errors in the presentence report; and (3) the claim asserted in a portion of Ground 1 and in Ground 3 regarding an untimely filing of notice of appeal on direct appeal. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 8) is **GRANTED IN PART AND DENIED IN PART,** as follows:

1. Respondents' motion to dismiss Ground 1(a) of the petition is **DENIED.**

2. Respondents' motion to dismiss Ground 1(b) of the petition is **DENIED.**

3. Ground 1(c), in which petitioner alleges that counsel failed to prepare and investigate, is unexhausted.

4. Respondents' motion to dismiss Ground 1(d) claim is **DENIED.** Further, Ground 1(d) shall be construed as part of Ground 1(a).

5. Ground 2(b), in which petitioner alleges that counsel failed to correct errors in the presentence report, is unexhausted.

6. The claim asserted in a portion of Ground 1 and in Ground 3, regarding an untimely filing of notice of appeal on direct appeal, is unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this __13__ day of December, 2011.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE