1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9    MARK RANDALL LARSON,              )
                                       )
10           Petitioner,               )        3:11-cv-00050-ECR-WGC
                                       )
11   vs.                               )        **ORDER**
                                       )
12   GREG SMITH, *et al.*,             )
                                       )
13           Respondents.              )
     _____/
14

15          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

16   by a Nevada state prisoner.  On December 14, 2011, this Court granted in part, and denied in part,

17   respondents' motion to dismiss the petition.  (ECF No. 15).  The Court made the following findings:

18   (1) Respondents' motion to dismiss Ground 1(a) is denied; (2) Respondents' motion to dismiss

19   Ground 1(b) is denied; (3) Ground 1(c), in which petitioner alleges that counsel failed to prepare and

20   investigate, is unexhausted; (4) Respondents' motion to dismiss Ground 1(d) is denied and Ground

21   1(d) is construed as part of Ground 1(a); (5) Ground 2(b), in which petitioner alleges that counsel

22   failed to correct errors in the presentence report, is unexhausted; and (6) the claim asserted in a

23   portion of Ground 1 and Ground 3, regarding an untimely filing of notice of appeal on direct appeal,

24   is unexhausted.  (ECF No. 15).  Because this rendered the petition a "mixed petition," the Court gave

25   petitioner 30 days to do one of the following: (1) inform this Court in a sworn declaration that he

26   wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas

1  petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that

2  he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his

3  unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his

4  exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

5  (ECF No. 15, at pp. 8-10).

6       In limited circumstances, the court can order the stay and abeyance of a mixed petition to

7  allow a petitioner to return to state court to exhaust his unexhausted claims. *Rhines v. Weber*, 544

8  U.S. 269 (2005).  The *Rhines* Court stated:

9          [S]tay and abeyance should be available only in limited circumstances.  Because
           granting a stay effectively excuses a petitioner's failure to present his claims first to
10         the state courts, stay and abeyance is only appropriate when the district court
           determines there was good cause for the petitioner's failure to exhaust his claims
11         first in state court.  Moreover, even if a petitioner had good cause for that failure,
           the district court would abuse its discretion if it were to grant him a stay when his
12         unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An
           application for a writ of habeas corpus may be denied on the merits,
13         notwithstanding the failure of the applicant to exhaust the remedies available in the
           courts of the State").

14
   *Rhines*, 544 U.S. at 277.  The circumstances in which the court may grant a stay and
15
   abeyance are limited to situations where the court determines that petitioner has shown:
16
   (1) good cause for his failure to exhaust his claims in state court; (2) that the unexhausted
17
   claims are meritorious; and (3) that the petitioner has not "engaged in intentionally dilatory
18
   litigation tactics." *Id.* at 277-78.
19
        Petitioner has filed a motion for a stay and abeyance.  (ECF No. 16).  Respondents oppose
20
   petitioner's motion.  (ECF No. 17).  Petitioner's one-page motion for a stay and abeyance states that
21
   he seeks to return to state court to exhaust his unexhausted claims, including Ground 1(c), Ground
22
   2(b), and the claim asserted in a portion of Ground 1 and Ground 3, regarding an untimely filing of
23
   notice of appeal on direct appeal.  (ECF No. 16).  Other than stating that he wishes to return to state
24
   court to exhaust those claims, petitioner's motion is devoid of any argument why the Court should
25

26
                                                      2

grant his motion for stay and abeyance.  Petitioner's motion contains no argument that he has good

cause for his failure to previously exhaust his claims in state court, that his claims are meritorious,

and that he has not engaged in dilatory litigation tactics.  *See Rhines*, 544 U.S. at 277-78.  Because

petitioner's motion lacks this information, the Court has no choice but to deny petitioner's motion

for a stay and abeyance.  The denial is without prejudice to petitioner filing a renewed motion for a

stay and abeyance that contains argument regarding whether petitioner had good cause for his failure

to previously exhaust his claims in state court.

IT IS THEREFORE ORDERED that petitioner's motion for a stay and abeyance (ECF No.

16) is **DENIED WITHOUT PREJUDICE** to renewing the motion.

IT IS FURTHER ORDERED that if petitioner wishes to bring a renewed motion for a stay

and abeyance, he must do so within **thirty (30) days** from the date of issuance of this order, and the

motion must contain argument regarding whether petitioner had good cause for his failure to

previously exhaust his claims in state court.

IT IS FURTHER ORDERED that, if petitioner does not bring a renewed motion for a stay

and abeyance, petitioner shall have **thirty (30) days** from the date of issuance of this order to either:

**(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the

unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds;

**OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without

prejudice in order to return to state court to exhaust his unexhausted claims.

Dated this 10th day of April, 2012.

_____

UNITED STATES DISTRICT JUDGE