UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARK RANDALL LARSON,

                      Petitioner,

    v.

GREG SMITH, *et al.*,

                  Respondents.

Case No. 3:11-cv-00050-MMD-WGC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

I.    **PROCEDURAL HISTORY**

    **A.    Arraignment and Sentencing**

On May 4, 2006, by way of information, Petitioner was charged with felony driving under the influence in violation of NRS 484.379 and 484.3792, in the Second Judicial District Court for the State of Nevada.[1] (Exhibit 3.)[2] Based on a 2005 amendment to NRS 484.3792, Petitioner was charged with a felony because he had a prior felony conviction for driving under the influence from August 15, 1997, for an offense that occurred on May 17, 1997. (Exhibit 5, at pp. 3-4.) On May 16, 2006, at arraignment, Petitioner entered a plea of guilty to one count of the felony offense of

---

[1]The pertinent portion of former NRS 484.3792 is now codified at NRS 484C.410(1)(a).

[2]The exhibits referenced in this order are found in the Court's record at dkt. nos. 9-12.

1  driving under the influence, in exchange for the State's agreement to recommend a

2  sentence of no more than 24 to 60 months in the custody of the Nevada Department of

3  Corrections. (Exhibits 4 & 5.)

4          While conducting a thorough plea canvass, the state district court confirmed that

5  Petitioner was aware of the mandatory minimum penalties (2 years in prison and a

6  $2,000 fine) and the possible maximum penalties (15 years in prison and a $5,000 fine)

7  for the offense to which he was pleading guilty. (Exhibit 5, at pp. 5-12.) The court

8  confirmed that Petitioner understood that he would not be eligible for probation, that he

9  read and understood the executed guilty plea memorandum, that he had sufficient time

10 to review his case with his attorney, and that he was satisfied with the legal services

11 provided by his attorney. (*Id.*, at pp. 6-8.) Petitioner further confirmed that he understood

12 that he had a right to a trial by jury, which he was waiving by pleading guilty, that he was

13 waiving his right to confront his accusers, to call witnesses in his favor, and to remain

14 silent. (*Id.*, at p. 9.) Petitioner confirmed to the court that he understood that the court

15 was not bound by the plea agreement and that no one made any promises or threats

16 that induced him to enter a plea of guilty. (*Id.*, at pp. 9-10.)

17         After Petitioner reiterated his desire to plead guilty to the charge of felony DUI,

18 the prosecutor recited the elements of the charges, including that Petitioner's 1997

19 conviction for felony DUI was the basis for an enhancement. (Exhibit 5, at p. 11.)

20 Petitioner entered a plea of guilty to the charge of felony DUI, and the state district court

21 found that Petitioner entered his plea based on a knowing, voluntary, and intelligent

22 waiver of his constitutional rights. (*Id.*, at p. 12.)

23         Prior to sentencing, Petitioner submitted a letter to the court explaining the

24 circumstances that led up to the commission of the underlying offense, asking the court

25 to be lenient in imposing sentence. (Exhibit 8.) At the sentencing hearing on June 29,

26 2006, Petitioner appeared with his attorney. (Exhibit 9.) At sentencing, the court

27 acknowledged that it had received and reviewed Petitioner's letter prior to the hearing.

28 (Exhibit 9, at p. 3.) The State then provided the court with a copy of Petitioner's 1997

judgment of conviction for felony DUI. (*Id.*, at p. 4.) When given the opportunity, Petitioner made no objection to the constitutional sufficiency of the 1997 judgment of conviction, which was admitted into evidence, and the court confirmed that the judgment of conviction passed constitutional muster. (*Id.*, at p. 4.) The court then allowed the defense to argue in mitigation of punishment, during which defense counsel made reference to Petitioner's letter. (*Id.*) The court imposed a sentence of 72 to 180 months in the custody of the Nevada Department of Corrections, as well as monetary fines. (*Id.*, at p. 6; Exhibit 10.) The judgment of conviction was entered on June 29, 2006. (Exhibit 10.)

### B.    Direct Appeal

#### 1.    Nevada Supreme Court Case No. 47775

Petitioner filed a timely notice of appeal on July 25, 2006, which was issued Nevada Supreme Court Case No. 47775. (Exhibit 11.) By and through counsel, Petitioner filed a fast track statement on September 14, 2006. (Exhibit 19.) The basis of the appeal was that Petitioner had been denied his right to allocution at the sentencing hearing, in violation of NRS 176.015(2)(b). (*Id.*) NRS 176.015(2)(b) provides that "[b]efore imposing sentence, the court shall . . . [a]ddress the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment." Petitioner claimed that the state district court never afforded him an opportunity to make a statement. (Exhibit 19.) On November 9, 2006, the Nevada Supreme Court entered an order of affirmance in Case No. 47775. (Exhibit 21.) The Nevada Supreme Court concluded that "although the district court did not comply with NRS 176.15(2)(b), Larson cannot demonstrate that the district court's failure amounted to reversible plain error." (Exhibit 21, at p. 2 (footnote omitted.)). The Nevada Supreme Court affirmed Petitioner's conviction because Petitioner failed to object to any error in the trial court and he did not point to any specific information that would have affected his sentence. (*Id.*) Petitioner filed a motion for rehearing on November 21, 2006. (Exhibit 22.) On December 21, 2006, the Nevada Supreme Court

1    denied a rehearing. (Exhibit 24.) Remittitur issued in Case No. 47775 on January 16,

2    2007. (Exhibit 29.) On December 28, 2006, Petitioner filed a petition for en banc

3    reconsideration (Exhibit 25), which the Nevada Supreme Court denied by order filed

4    March 1, 2007 (Exhibit 34).

5                    **2.      Nevada Supreme Court Case No. 48751**

6            On January 11, 2007, Petitioner filed a second notice of appeal, acting in *pro per*.

7    (Exhibit 27.) The case was assigned Nevada Supreme Court Case No. 48751. On

8    February 15, 2007, the Nevada Supreme Court dismissed the appeal in Case No.

9    48571 for lack of jurisdiction. (Exhibit 33.) Remittitur issued in Case No. 48751 on

10   March 13, 2007. (Exhibit 35.)

11           **C.     State Post-Conviction Habeas Proceedings**

12           On April 6, 2007, Petitioner filed a post-conviction habeas petition in the state

13   district court. (Exhibit 37.) By order filed July 9, 2007, the state district court appointed

14   counsel to represent Petitioner on his post-conviction habeas petition. (Exhibit 43.) On

15   August 30, 2007, counsel filed a supplemental post-conviction habeas petition. (Exhibit

16   44.) The supplemental state petition asserted the following grounds for relief:

17

18           Petitioner was deprived of effective assistance of counsel within the
             meaning of the 6th and 14th Amendments to the United States Constitution.

19           (a) Ground One: Counsel failed to prepare and investigate.  Due to failure
20           to investigate, Petitioner was convicted of a felony rather than a
             misdemeanor DUI. Failure to move to dismiss the felony charge
21           constituted ineffective assistance of counsel. Failure to litigate the ability to
             enhance this charge to a felony due to violation of the 5th Amendment Due
22           Process Clause and the *Ex Post Facto* Clause of the U.S. Const. art. I, §
             9, cl. 3; Nev. Const. art. 1, § 15 and the 14th Amendment was below the
23           standard of practicing attorneys in Washoe County.

24           (b) Ground Two: Counsel was ineffective at sentencing for failing to insure
             that the Petitioner had an opportunity to address the sentencing court in
25           mitigation of sentence.  See argument herein for additional facts.  Counsel
             failed to correct errors with the Presentence Report which allowed the
26           District Court to rely on suspect evidence in rendering the maximum
             sentence available at law.

27   (Exhibit 44, at pp. 4-5.) Petitioner also asserted Ground Three, in which he argued that

28   counsel failed to file a timely notice of appeal, for which he sought *Lozada* relief. (*Id.*, at

                                              4

p. 5.) Petitioner subsequently withdrew Ground Three at the evidentiary hearing, because Petitioner's counsel in fact perfected and pursued a direct appeal. (Exhibit 55, at p. 3.)

On January 6, 2010, the state district court held an evidentiary hearing on the supplemental post-conviction habeas petition. (Exhibit 55.) The state district judge issued a ruling from the bench, denying the petition in its entirety. (Exhibit 55, at pp. 56-57.) On March 9, 2010, the state district court entered written findings of fact, conclusions of law, and judgment. (Exhibit 56.) The court denied relief on Ground One, finding that Petitioner failed to meet both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), because the use of the 1997 conviction did not run afoul of the *Ex Post Facto* clause of the United States Constitution, the 1997 conviction's use as an enhancement was a collateral consequence that the trial court was not required to inform Petitioner of in 1997, and the use of the 1997 conviction did not violate the 1997 plea agreement. (Exhibit 56, at pp. 1-5.) The court denied relief on Ground Two because Petitioner failed to meet both prongs of *Strickland* regarding errors in the presentence investigation report and he failed to meet the prejudice prong of *Strickland* regarding his claim that he was deprived of his right to allocution. (*Id.*, at pp. 5-6.)

On April 20, 2010, Petitioner filed a timely notice of appeal from the denial of his post-conviction habeas petition. (Exhibit 59.) The case was assigned Nevada Supreme Court Case No. 55856. Petitioner, represented by counsel on appeal, filed a fast track statement on May 25, 2010. (Exhibit 69.) The fast track statement raised the following four grounds for relief:

1. The District Court abused its discretion when it dismissed this post-conviction action and refused to grant relief to Mr. Larson.

2. Failure to advise Mr. Larson in 1997 that any future DUI related offense would net him a felony conviction and subsequent use for enhancement purposes thereof, invalidated the 1997 plea under the Due Process Clause of the 5th Amendment.

3. The State violated the standing plea bargains of Mr. Larson. Prosecution under 2005 amendment to NRS 284.3792 violated the *ex post facto* Clause of the U.S. Constitution Art. I, § 10, and Nevada Constitution, Art. 1, § 15.

1    4.    Counsel was ineffective under the 6th and 14th Amendments when counsel failed to allow his client to address the sentencing court.

2  (Exhibit 69, at p. 4.) On September 29, 2010, the Nevada Supreme Court affirmed the

3  denial of the post-conviction habeas corpus petition. (Exhibit 73.) The Nevada Supreme

4  Court found that: (1) the 1997 plea agreement was not breached; (2) the use of the

5  1997 conviction as an enhancement did not constitute a violation of the *Ex Post Facto*

6  Clause; (3) Petitioner's claim regarding allocution failed because he did not provide any

7  information that "may have lead to a more lenient sentence"; and (4) he did not

8  demonstrate that trial and appellate counsel's performance resulted in prejudice under

9  *Strickland*. (Exhibit 73.) Remittitur issued in Case No. 55856 on October 27, 2010.

10 (Exhibit 74.)

11      **D.    Federal Habeas Proceedings**

12      Petitioner signed and submitted his federal habeas petition to this Court on

13 January 24, 2011. (Dkt. no. 1.) The petition contains three grounds for relief, with sub-

14 parts. Respondents moved to dismiss the petition. (Dkt. no. 8.) By order filed December

15 14, 2011, the Court issued an order, granting in part and denying in part, the motion to

16 dismiss. (Dkt. no. 15.) The Court denied the motion to dismiss Grounds 1(a), 1(b), and

17 1(d) of the petition. (*Id.*) The Court ruled that the portion of Ground 1 that respondents

18 identified as Ground 1(d) was actually part of Ground 1(a). (*Id.*) The Court ruled that the

19 following claims were unexhausted: (1) Ground 1(c), in which Petitioner alleges that

20 counsel failed to prepare and investigate; (2) Ground 2(b), in which Petitioner alleges

21 that counsel failed to correct errors in the presentence report; and (3) the claim asserted

22 in a portion of Ground 1 and Ground 3, regarding an untimely filing of a notice of appeal

23 on direct appeal. (*Id.*) Petitioner was given options regarding the unexhausted claims,

24 pursuant to *Rose v. Lundy*, 455 U.S. 509, 510 (1982) and *Rhines v. Weber*, 544 U.S.

25 269 (2005). (*Id.*) Petitioner filed a motion for a stay. (Dkt. no. 16.) The Court denied

26 Petitioner's motion without prejudice to renewing it, as the motion was devoid of any

27 argument. (Dkt. no. 18.) On May 9, 2012, Petitioner filed a sworn declaration

28 abandoning his unexhausted grounds, including Ground 1(c), 2(b), and the claim

1  asserted in a portion of Grounds 1 and 3, regarding an untimely filing of a notice of

2  appeal on direct appeal. (Dkt. no. 19.) On June 8, 2012, respondents filed an answer to

3  the remaining grounds of the petition. (Dkt. no. 20.) Petitioner was given the opportunity,

4  but did not file a reply to the answer.

5  **II.    FEDERAL HABEAS CORPUS STANDARDS**

6        The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

7  2254(d), provides the legal standard for the Court's consideration of this habeas

8  petition:

9    An application for a writ of habeas corpus on behalf of a person in custody
10   pursuant to the judgment of a State court shall not be granted with respect
     to any claim that was adjudicated on the merits in State court proceedings
     unless the adjudication of the claim –
11

12   (1) resulted in a decision that was contrary to, or involved an
     unreasonable application of, clearly established Federal law, as
13   determined by the Supreme Court of the United States; or

14   (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the State
     court proceeding.
15

16        The AEDPA "modified a federal habeas court's role in reviewing state prisoner

17  applications in order to prevent federal habeas 'retrials' and to ensure that state-court

18  convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S.

19  685, 693-694 (2002). A state court decision is contrary to clearly established Supreme

20  Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a

21  rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the

22  state court confronts a set of facts that are materially indistinguishable from a decision

23  of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

24  Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (*quoting Williams v.

25  Taylor,* 529 U.S. 362, 405-406 (2000) and *citing Bell v. Cone,* 535 U.S. 685, 694

26  (2002)). The formidable standard set forth in section 2254(d) reflects the view that

27  habeas corpus is "'a guard against extreme malfunctions in the state criminal justice

28  systems,' not a substitute for ordinary error correction through appeal." *Harrington v.*

*Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (*quoting Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (*quoting Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (*quoting Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9ᵗʰ Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the Petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas Petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011).

## III.  DISCUSSION

### A.  Ground 1

Petitioner alleges that counsel was ineffective for: (a) failing to challenge the use of the 1997 conviction as an enhancement, which Petitioner alleges constituted a breach of the 1997 plea agreement; (b) failing to challenge the application of the 2005 amendment to NRS 484.3792 as a violation of the *Ex Post Facto* Clause; (c) failure to prepare and investigate; and (d) failure to file a motion to suppress. (Dkt. no. 1, at pp. 3-

6.) By order filed December 14, 2011, this Court ruled that Ground 1(c) was unexhausted, and Petitioner filed a sworn declaration formally abandoning Ground 1(c). (Dkt. nos. 15 & 19.) The Court further ruled that Ground 1(d) is, in fact, part of Petitioner's claim of ineffective assistance of counsel in the 2006 case for counsel's failure to object to the use of the 1997 felony DUI conviction as an enhancement based on a breach of the 1997 plea agreement, and as such, Ground 1(d) is construed as part of Ground 1(a) of the federal petition. (Dkt. no. 15, at pp. 6-7.) Therefore, the remaining sub-parts of Ground 1 are Grounds 1(a) and 1(b). (*Id.*)

### 1. Ground 1(a)

Ground 1(a) of the federal petition includes three sub-claims for relief: (1) a claim for ineffective assistance of counsel in the 2006 case for counsel's failure to object to the use of the 1997 felony DUI conviction as an enhancement based on a breach of the 1997 plea agreement; (2) a challenge to the use of the 1997 conviction as an enhancement because Petitioner did not receive effective assistance of counsel in entering his plea to a felony DUI in 1997; and (3) a challenge to the use of the 1997 conviction as an enhancement based on a breach of the 1997 plea agreement.

### a. Ground 1(a)(1)

Petitioner claims that he received ineffective assistance of counsel in the 2006 case due to counsel's failure to object to the use of the 1997 felony DUI conviction as an enhancement, which he asserts should not have been used. Petitioner also claims that counsel in the 2006 case was ineffective for not challenging the use of his 1997 conviction as an enhancement because the use of the 1997 conviction for that purpose breached the 1997 plea agreement.

### i. Ineffective assistance of counsel standard

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668. In *Strickland*, the Supreme Court held that a Petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) counsel's performance was unreasonably deficient, and (2) that

the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (*citing Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the Petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (*quoting Knowles v. Mirzayance*, 556 U.S. 111, 112-113, 129 S.Ct. 1411, 1413 (2009)). In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted.) Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim

1  on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401. The United States Supreme

2  Court has specifically reaffirmed the extensive deference owed to a state court's

3  decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ___, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

11  *Harrington v. Richter*, 131 S.Ct. at 788. "A court considering a claim of ineffective

12  assistance of counsel must apply a 'strong presumption' that counsel's representation

13  was within the 'wide range' of reasonable professional assistance." *Id.* at 787 (*quoting*

14  *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation

15  amounted to incompetence under prevailing professional norms, not whether it deviated

16  from best practices or most common custom." *Id.* (internal quotations and citations

17  omitted.)

18       **ii.    *Strickland* Application to Ground 1(a)(1)**

19       In the instant case, the Nevada Supreme Court recited the findings made by the

20  state district court following an evidentiary hearing on Petitioner's post-conviction state

21  habeas petition. The Court found that "Larson's 1997 guilty plea agreement did not limit

22  the use of his 1997 felony DUI conviction for enhancement purposes, he was never

23  advised that the conviction would be treated as anything other than a felony conviction,

24  and the application of the 2005 amendment to NRS 484.3792 did not breach the 1997

25  plea agreement." (Exhibit 73, at pp. 1-2; Exhibit 56.) The Nevada Supreme Court

26  concluded that "Larson failed to show that trial and appellate counsels' performance

27  was prejudicial," *citing Strickland v. Washington*, 466 U.S. at 687. (Exhibit 73, at p. 2.)

28  The Nevada Supreme Court ruled that these findings were supported by the record and

1   "conclude[d] that the district court did not err by denying Larson's ineffective assistance

2   claims." (Exhibit 73, at p. 2.) The factual findings of the state court are presumed

3   correct. 28 U.S.C. § 2254(e)(1). The Nevada Supreme Court cited to and reasonably

4   applied the appropriate federal standard to Petitioner's ineffective assistance of counsel

5   claims. Petitioner has failed to demonstrate that his counsel's performance was

6   deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his

7   burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved

8   an unreasonable application of, clearly established federal law, as determined by the

9   United States Supreme Court, or that the ruling was based on an unreasonable

10   determination of the facts in light of the evidence presented in the state court

11   proceeding. This Court denies habeas relief as to Ground 1(a)(1).

12                              **b.      Ground 1(a)(2)**

13           Petitioner challenges the use of the 1997 conviction as an enhancement, alleging

14   that he did not receive the effective assistance of counsel when entering his plea to a

15   felony DUI in 1997. Specifically, Petitioner seeks to challenge his 1997 conviction on the

16   basis that he allegedly was not told, at the time he pled guilty in 1997, that the 1997

17   conviction could be used against him as an enhancement later.

18           The United States Supreme Court has held that "when a criminal defendant has

19   solemnly admitted in open court that he is, in fact, guilty of the offense with which he is

20   charged, he may not thereafter raise independent claims relating to the deprivation of

21   constitutional rights that occurred prior to the entry of judgment." *Tollett v. Henderson*,

22   411 U.S. 258, 267 (1973). A guilty plea entered by a prisoner represents a break in the

23   chain of events which precedes the plea in the criminal process, and as such, operates

24   to preclude a prisoner from raising independent claims relating to the deprivation of

25   constitutional rights that allegedly occurred prior to the entry of the plea. *Burrows v.*

26   *Engle*, 545 F.3d 552, 553 (6th Cir. 1976). "[W]hen the judgment of conviction upon a

27   guilty plea has become final and the offender seeks to reopen the proceeding, the

28   inquiry is ordinarily confined to whether the underlying plea was both counseled and

                                             12

1    voluntary. If the answer is in the affirmative then conviction and the plea, as a general

2    rule, forecloses collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989).

3        In this case, Petitioner pled guilty to the offense of felony DUI in 2006. (Exhibits 4

4    & 5.) When he did so, he waived any opportunity to challenge the use of the 1997

5    conviction as an enhancement on the basis that the 1997 conviction is invalidated

6    because his prior attorney did not advise him that the 1997 conviction could be used

7    against him as an enhancement in the future. Accordingly, this claim is barred from

8    federal review under *Tollett*.

9        Additionally, even if this claim was not barred by *Tollet*, Petitioner has not

10   demonstrated that his counsel in the 1997 case was ineffective. The *Strickland*

11   standard, as set forth earlier in this order, applies to this claim. After an evidentiary

12   hearing, the state district court denied Petitioner's claim that his 1997 conviction was

13   invalid because he had not been advised of the fact that the 1997 conviction could be

14   used against him as an enhancement in the future. (Exhibit 56.) The state district court

15   noted that the use of his enhancement was a collateral consequence of his conviction,

16   and the alleged failure to advise him of the collateral consequences did not entitle him

17   to relief. (Exhibit 56, at pp. 3-4.) The Nevada Supreme Court affirmed the denial of

18   relief. (Exhibit 73.)

19       Petitioner cannot show that the Nevada Supreme Court's denial of relief was an

20   unreasonable application of *Strickland*. Petitioner's own testimony shows that his

21   attorney did not misadvise him in 1997. (*See* Exhibit 55, at pp. 8-9, 19.) As the state

22   district court's order notes, Nevada law does not require a defendant to be advised of

23   collateral consequences of a conviction prior to entry of a guilty plea. (Exhibit 56, at pp.

24   3-4 (*citing Dixon v. Nevada*, 103 Nev. 272, 274, n.2, 737 P.2d 1162, 1164, n.2 (1987).)

25   The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1).

26   The Court is unaware of any clearly established federal law that requires finding that

27   counsel's failure to advise a defendant that a conviction could be used for future

28   enhancement purposes prior to a defendant entering a guilty plea constitutes the

ineffective assistance of counsel. Petitioner has failed to demonstrate that his counsel's performance in connection with the 1997 conviction was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Federal habeas relief is denied on Ground 1(a)(2).

### c.    Ground 1(a)(3)

Petitioner challenges the use of the 1997 conviction as an enhancement for his 2006 conviction, based on his contention that the State breached the 1997 plea agreement. "When a criminal defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of judgment." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea entered by a prisoner represents a break in the chain of events which precedes the plea in the criminal process, and as such, operates to preclude a prisoner from raising independent claims relating to the deprivation of constitutional rights that allegedly occurred prior to the entry of the plea. *Burrows v. Engle*, 545 F.3d 552, 553 (6th Cir. 1976). "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then conviction and the plea, as a general rule, forecloses collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989).

In this case, Petitioner pled guilty to the offense of felony DUI in 2006. (Exhibits 4 & 5.) When he did so, Petitioner waived any opportunity to challenge the use of his 1997 conviction as an enhancement on the basis that the State breached the 1997 plea agreement. Accordingly, this claim is barred from federal review under *Tollett*.

1    Additionally, this Court finds that the use of the 1997 conviction as an
2    enhancement for the 2006 conviction was not a breach of the 1997 conviction. The
3    United States Supreme Court has noted that a guilty plea "must, of course, be voluntary
4    and knowing and if it was induced by promises, the essence of those promises must in
5    some way be made known." *Santobello v. New York*, 404 U.S. 257, 261-62 (1971). In
6    light of this, the Court found that "when a plea rests in any significant degree on a
7    promise or agreement of the prosecutor, so that it can be said to be part of the
8    inducement or consideration, such promise must be fulfilled." *Id.*

9    In reviewing Petitioner's assertion that the use of the 1997 conviction constituted
10   a breach of the 1997 plea agreement, the state district court found that "Larson's [1997]
11   plea agreement did not limit the 1997 felony DUI conviction for any enhancement
12   purposes. Further, the record of the 1997 proceedings does not demonstrate that
13   Larson was ever advised that the 1997 felony DUI conviction would be treated as
14   anything other than a felony conviction." (Exhibit 56, at p. 4.) As a result, the state
15   district court denied relief on this point, and the Nevada Supreme Court affirmed the
16   denial of relief. (Exhibits 56 & 73.) Again, the factual findings of the state court are
17   presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has not shown that his guilty plea
18   in the 1997 conviction included limitations on the State's ability to use that conviction as
19   an enhancement in the future, and has not shown that his plea agreement included an
20   agreement that his conviction would be treated as anything other than a felony.
21   Petitioner has failed to meet his burden of proving that the state court's ruling was
22   contrary to, or involved an unreasonable application of, clearly established federal law,
23   as determined by the United States Supreme Court, or that the ruling was based on an
24   unreasonable determination of the facts in light of the evidence presented in the state
25   court proceeding. This Court denies habeas relief as to Ground 1(a)(3).

26       **2.      Ground 1(b)**

27   Petitioner alleges that counsel was ineffective for failing to challenge the
28   application of the 2005 amendment to NRS 484.3792 as a violation of the *Ex Post Facto*

1  Clause. Petitioner also appears to allege a substantive *Ex Post Facto* claim. Ground

2  1(b) also contains a reference to the Equal Protection Clause.

3          **a.    Substantive *Ex Post Facto* claim is barred by *Tollett***

4         "When a criminal defendant has solemnly admitted in open court that he is, in

5  fact, guilty of the offense with which he is charged, he may not thereafter raise

6  independent claims relating to the deprivation of constitutional rights that occurred prior

7  to the entry of judgment." *Tollett v. Henderson*, 411 U.S. at 267. As discussed above, a

8  prisoner's guilty plea represents a break in the chain of events which precedes the plea

9  in the criminal process, and as such, operates to preclude a prisoner from raising

10  independent claims relating to the deprivation of constitutional rights that allegedly

11  occurred prior to the entry of the plea. *Burrows v. Engle*, 545 F.3d at 553. "[W]hen the

12  judgment of conviction upon a guilty plea has become final and the offender seeks to

13  reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea

14  was both counseled and voluntary. If the answer is in the affirmative then conviction and

15  the plea, as a general rule, forecloses collateral attack." *United States v. Broce*, 488

16  U.S. 563 at.

17         In this case, Petitioner pled guilty to the offense of felony DUI in 2006. (Exhibits 4

18  & 5.) When he did so, Petitioner waived any opportunity to challenge the use of his

19  1997 conviction as a violation of the *Ex Post Facto* Clause. This claim is barred from

20  federal review under *Tollett*.

21          **b.    No violation of *Ex Post Facto***

22         Even assuming the claim was not barred by *Tollett*, this Court finds that there

23  was no violation of *Ex Post Facto*. Petitioner alleges that Nevada violated the *Ex Post*

24  *Facto* Clause of the United States Constitution by using his 1997 felony DUI conviction

25  to enhance his 2006 DUI to a felony on the basis that the 1997 conviction occurred

26  before the Nevada Legislature amended NRS 484.3792 in 2005.

27         The *Ex Post Facto* Clause "is aimed at laws that 'retroactively alter the definition

28  of crimes or increase the punishment for criminal acts." *Miller v. Ignacio*, 112 Nev. 930,

933, 921 P.2d 882, 883 (1996), *citing Collins v. Youngblood*, 497 U.S. 37, 43 (1990) (citation omitted). The United States Supreme Court has established a two-part test to address *Ex Post Facto* claims. A law violates the *Ex Post Facto* Clause if it is retroactive – it applies "to events occurring before its enactment," and if it is detrimental – it "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Weaver v. Graham*, 450 U.S. 24, 29 (1981); *Cal. Dept. of Corrections v. Morales*, 514 U.S. 499, 504 (1995); *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003). "The inquiry looks to the challenged provision, and not to any special circumstances that may mitigate its effect on the particular individual. *Weaver,* 450 U.S. at 33; *Nulph v. Faatz*, 27 F.3d 451, 455-56 (9th Cir. 1994). Changes in the law that are merely procedural will withstand scrutiny, as will statutes that leave unaffected the "crime for which . . . defendant was indicted, the punishment prescribed therefor, and the quantity or the degree of proof necessary to establish his guilt." *Dobbert v. Florida*, 432 U.S. 282, 294 (1977). A law does not violate the *Ex Post Facto* Clause if it "creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes." *Morales*, 514 U.S. at 513.

In addressing the *Ex Post Facto* issue, the state district court noted that the 2005 amendments to NRS 484.3792 did not retrospectively redefine the offense of DUI in Nevada. (Exhibit 56, at pp. 1-2.) On May 2, 2006, when Petitioner decided to consume alcohol and then operate an automobile on a public road in Nevada, the law on that date provided that what Petitioner was doing constituted a felony. (Exhibit 55, at p. 43.) Petitioner's conduct that occurred on May 2, 2006, was the basis for the criminal charges brought against him in 2006. In the eyes of Nevada law, as it existed on May 2, 2006, Petitioner's conduct that day was accompanied by an increased level of culpability and demonstrated that Petitioner was a greater danger to the public, because he already had a felony DUI conviction from 1997.

In 1997, Petitioner pled guilty to felony DUI based upon the fact that he had three prior DUI offenses within a period of seven years. (Exhibits 55A through 55E.) There is

no question that Petitioner's 1997 DUI was a felony under Nevada law in 1997. (Exhibit 55E.) In 2005, the Nevada Legislature made it the law in Nevada that if you have ever been convicted of a felony DUI, no matter when it happened, any subsequent DUI is a Class B felony. That is precisely what the Nevada Legislature intended when it amended NRS 484.3792 in 2005, and the law clearly reflected that policy when Petitioner decided to drive while under the influence of alcohol on May 2, 2006. *See* 2005 Nev. Stat. 617 (Sect. 14. "The mandatory provisions of this act apply to offenses committed before October 1, 2005, for the purpose of determining whether a person is subject to the provisions of subsection 2 of NRS 484.3792, as amended by this act . . .".) As a result, on May 2, 2006, Petitioner was presumed to know that he was committing a Class B felony that carried with it a possible penalty of anywhere from 2 to 15 years in the custody of the Nevada Department of Corrections. *Id.* at 608. The State's use of Petitioner's 1997 felony DUI conviction to enhance his 2006 DUI to a felony does not violate the *Ex Post Facto* Clause, and the Nevada state courts acted reasonably in denying relief. *See Weaver v. Graham*, 450 U.S. at 29; *Morales*, 514 U.S. at 513. Federal habeas relief is denied on this claim.

### c. Counsel was Not Ineffective for Failing to Raise an *Ex Post Facto* Challenge

Petitioner asserts that counsel was insufficient for failing to raise an *Ex Post Facto* challenge to the use of his 1997 DUI conviction for purposes of enhancement of his 2006 DUI conviction. The *Strickland* standard, as set forth earlier in this order, applies to this claim.

The state district court rejected Petitioner's claim of ineffective assistance of counsel. The state district court relied on a state law case with similar facts, *Dixon v. Nevada*, 103 Nev. 272, 274, 737 P.2d 1162, 1164 (1987), wherein the Nevada Supreme Court addressed a change in the time period within which a prior offense had to occur for it to be used for enhancement purposes. There, the Nevada Supreme Court noted that "the third-offense felony provision is not an *ex post facto* law simply because

1   Dixon's earlier conviction antedated its enactment. On the day Dixon elected to commit
2   the offense here under consideration, reference to the statute would have indicated
3   precisely the penalty he risked." *Dixon*, 103 Nev. at 274, 737 P.2d at 1164. The only
4   distinction here is that the passing of AB 421 in the 2005 Nevada Legislative Session
5   did away with time restraints for a prior felony DUI conviction to enhance a subsequent
6   DUI to a felony.

7       At the evidentiary hearing, Petitioner's plea counsel testified that the defense bar
8   appeared to be in agreement that the *Dixon* case was on point with any potential *Ex
9   Post Facto* claims regarding the 2005 amendment to NRS 484.3792. (Exhibit 55 at pp.
10  27-28) (plea counsel's testimony discussing the state of the law with respect to NRS
11  484.3792 around the time that Petitioner pled guilty.) This demonstrates that counsel's
12  decision not to raise an *Ex Post Facto* challenge was a reasoned strategic judgment.
13  The Nevada Supreme Court affirmed the state district court's denial of Petitioner's
14  claim. (Exhibit 73.) Because there was no *Ex Post Facto* violation, as discussed earlier
15  in this order, raising such a claim would not have affected the outcome of the
16  proceeding. Petitioner cannot show deficient performance or prejudice under the
17  *Strickland* standard, therefore, he is not entitled to habeas relief on the ineffective
18  assistance of counsel claim.

19                      **d.    Equal protection claim**

20      As to Petitioner's reference to equal protection, Petitioner fails to state a claim.
21  Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas
22  petition must specify all grounds for relief and "state the facts supporting each ground."
23  The Equal Protection Clause is essentially a direction that all similarly situated persons
24  be treated equally under the law. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473
25  U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege
26  facts demonstrating that defendants acted with the intent and purpose to discriminate
27  against him based upon membership in a protected class, or that defendants
28  purposefully treated him differently than similarly situated individuals without any

                                        19

1    rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686

2    (9th Cir. 2001); *see also Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

3          In this case, Petitioner makes a passing reference to the Equal Protection

4    Clause, however, Petitioner does not include any allegations that he was treated

5    differently than anyone else similarly situated to him. As such, this claim is conclusory

6    and does not entitle Petitioner to federal habeas relief.

7          As to all sub-parts of Ground 1(b), Petitioner has failed to meet his burden of

8    proving that the state court's ruling was contrary to, or involved an unreasonable

9    application of, clearly established federal law, as determined by the United States

10   Supreme Court, or that the ruling was based on an unreasonable determination of the

11   facts in light of the evidence presented in the state court proceeding. This Court denies

12   habeas relief as to all claims made in Ground 1(b).

13        **B.    Ground 2**

14        Petitioner asserts that the state district court failed to comply with NRS 176.015,

15   which requires that the sentencing court allow a defendant to address the court

16   personally and provide a statement in mitigation. Petitioner also alleges that counsel

17   was ineffective for failing to ensure that Petitioner had an opportunity to address the

18   court regarding mitigation at the sentencing hearing.[3]

19               **1.    Violation of NRS 176.015 is not cognizable in federal habeas**

20        Petitioner's claim that the trial court failed to comply with NRS 176.015 fails to

21   state a cognizable claim for federal habeas corpus relief.  NRS 176.015(2)(b) provides

22   that "[b]efore imposing sentence, the court shall . . . [a]ddress the defendant personally

23   and ask him if he wishes to make a statement in his own behalf and to present any

24   information in mitigation of punishment."

25        Unless an issue of federal constitutional or statutory law is implicated by the facts

26   _____

27        [3]In Ground 2, Petitioner further alleges that counsel failed to correct errors in the
     presentence report. However in the order of December 14, 2011, this Court ruled that
28   claim is unexhausted, and Petitioner later filed a sworn declaration formally abandoning
     the claim. (Dkt. nos. 15 & 19.)

presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Petitioner must demonstrate the existence of federal constitutional law which establishes the right in question. In the instant case, Petitioner does not allege violation of a federal constitutional right. Petitioner contends that he was not given a full opportunity to address the court personally and give a statement of mitigation at sentencing, in violation of NRS 176.015. Petitioner concedes in his petition that "the United States Supreme Court has declared that the right to allocution is not of constitutional derivation or dimension . . . ." (Dkt. no. 1, at p. 9.) To the extent that Petitioner asserts that the state district court improperly applied NRS 176.015, Ground 2 fails to state a cognizable claim for federal habeas relief.

## 2.    Ineffective assistance of counsel claim regarding allocution

On direct appeal, Petitioner raised the substantive claim that he was denied his right of allocution. The Nevada Supreme Court rejected Petitioner's claim, ruling that "Larson fails to explain with any specificity what he might have said to the district at the sentencing hearing that may have affected his sentence." (Exhibit 21, at p. 2.) In his state habeas petition, Petitioner raised the same claim he asserts in this action, alleging that counsel was ineffective for failing to ensure that he was afforded an opportunity to address the court regarding mitigation at the sentencing hearing. The state district court denied this claim and then stated:

> Assuming for a moment that Mr. Hylin [Petitioner's plea attorney] should have objected or insisted that Larson be permitted to speak in allocution, Larson, once again, failed to explain with any specificity what he might have said to the district court at the sentencing hearing that may have effected the outcome. Moreover, the Court notes that, when the sentencing hearing began, Judge Robinson stated that he had reviewed the letter than Larson submitted in anticipation of the sentencing hearing. In short, Judge Robinson was well aware of Larson's thoughts and feelings. To be sure, the Court knows a narrated statement in allocution by a defendant may enjoy greater elegance or eloquence than his written words, but where, as here, that same defendant, now a habeas Petitioner,

has not provided the Court with additional information that may have led to a more lenient sentence, he has simply failed to prove counsel's error was prejudicial under *Strickland*.

(Exhibit 56, at p. 6.) The Nevada Supreme Court affirmed the state district court's denial of the claim, ruling that the district court's factual findings were supported by substantial evidence. (Exhibit 72, at p. 2.) The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies federal habeas relief on Ground 2.

## C.    Ground 3

Petitioner asserts in a portion of Ground 3 (as well as a portion of Ground 1) that counsel was ineffective for filing an untimely notice of appeal on direct appeal.  By order filed December 14, 2011, this Court ruled that the portions of Grounds 1 and 3 alleging that counsel failed to file a timely notice of appeal on direct appeal were unexhausted because Petitioner withdrew this claim from his post-conviction state habeas petition. (Dkt. no. 15, at p. 8.) Petitioner later filed a sworn declaration formally abandoning this claim. (Dkt. no. 19.)

Additionally, in Ground 3, Petitioner alleges that counsel on direct appeal was ineffective for failing to raise claims addressing "the 5th amendment due process violation, the breach of the 1994/1997 plea bargains, *ex post facto* violation, the failure of the sentencing court to allow defendant to speak before imposition of sentence, and the question of whether the 2005 amendment to NRS 484.3792 could be constitutionally imposed retroactively." (Petition, at p. 12.)

Under *Strickland*, a Petitioner must show that his counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of

counsel's errors. *Strickland v. Washington*, 446 U.S. at 684. The *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To state a claim of ineffective assistance of appellate counsel, a Petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Id.* "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. *Id.* at 751-52. Petitioner must show that his counsel unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000). It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567. 616 (9th Cir. 2004) (citation omitted).

In the instant case, Petitioner's appellate counsel testified at the evidentiary hearing on Petitioner's post-conviction habeas petition in state court. (Exhibit 55.) Appellate counsel testified that he raised the allocution issue as the only issue on direct appeal because one of his colleagues previously had success raising the same claim on appeal in a different case. (Exhibit 55, at pp. 35-37.) Appellate counsel testified that the issues he could raise on direct appeal were limited by Petitioner's decision to enter a guilty plea: "There was no evidence of a breach of the plea bargain by the District Attorney . . . [a]nd the sentence that was imposed by the judge was within the range provided by statute and our Supreme Court has consistently said that is — they're not going to interfere with the exercise of that sentencing discretion." (*Id.*, at p. 38.)

The state district court found that appellate counsel was not ineffective, and the Nevada Supreme Court affirmed that ruling. (Exhibits 56 & 73.) Petitioner's claim that his appellate counsel was ineffective for failing to raise the issue of allocution on appeal

1    is belied by the record. Counsel did raise the allocution issue on direct appeal, and it

2    was rejected by the Nevada Supreme Court. (Exhibits 19 & 21.) Appellate counsel

3    testified at the evidentiary hearing that his decision to raise only the allocution issue on

4    direct appeal was a strategic choice based on his professional judgment. (Exhibit 55, at

5    pp. 37-39.) As to the substantive claims that Petitioner asserts should have been raised

6    on direct appeal, the state district court and the Nevada Supreme Court rejected those

7    claims in reviewing them under an ineffective assistance of counsel theory. (Exhibits 56

8    & 73.) The Nevada Supreme Court rejected Petitioner's assertion that any of those

9    claims would have had a likelihood of success on appeal. (Exhibit 73.) Again, the factual

10   findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has

11   failed to demonstrate that his appellate counsel's performance was deficient or that he

12   was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that

13   the state court's ruling was contrary to, or involved an unreasonable application of,

14   clearly established federal law, as determined by the United States Supreme Court, or

15   that the ruling was based on an unreasonable determination of the facts in light of the

16   evidence presented in the state court proceeding. Federal habeas relief is denied on

17   Ground 3.

18   **IV.    CERTIFICATE OF APPEALABILITY**

19          District courts are required to rule on the certificate of appealability in the order

20   disposing of a proceeding adversely to the Petitioner or movant, rather than waiting for

21   a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In

22   order to proceed with his appeal, Petitioner must receive a certificate of appealability. 28

23   U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946,

24   950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

25   2001). Generally, a Petitioner must make "a substantial showing of the denial of a

26   constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2);

27   *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The Petitioner must demonstrate that

28   reasonable jurists would find the district court's assessment of the constitutional claims

1   debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484.) In order to meet this threshold

2   inquiry, the Petitioner has the burden of demonstrating that the issues are debatable

3   among jurists of reason; that a court could resolve the issues differently; or that the

4   questions are adequate to deserve encouragement to proceed further. *Id.* In this case,

5   no reasonable jurist would find this Court's denial of the petition debatable or wrong.

6   The Court therefore denies Petitioner a certificate of appealability.

7   **V.     CONCLUSION**

8        It is therefore ordered that the petition for a writ of habeas corpus is denied in its

9   entirety.

10       It is further ordered that Petitioner is denied a certificate of appealability.

11       It is further ordered that the Clerk of Court shall enter judgment accordingly.

12       DATED THIS 24th day of March 2014.

15   _____
     MIRANDA M. DU
16   UNITED STATES DISTRICT JUDGE